IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL MCKINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-070 |
| | ) | |
| WAYNESBORO POLICE DEPARTMENT; | ) | |
| GENE BOSEMAN, Chief Investigator; and | ) | |
| CLAUDE WADE, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Burke County Jail in Waynesboro, Georgia,

commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is

proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential

defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by

*pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or

malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§

1915(e) & 1915A.[1]

---

[1]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

Accordingly, on August 20, 2009, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 7). Plaintiff has submitted an amended complaint, (doc. no. 8), and it is this document that the Court will now screen.

## I.    SCREENING OF COMPLAINT

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the Waynesboro Police Department ("WPD"), (2) Gene Boseman, Chief Investigator with the WPD, and (3) Claude Wade, Investigator with the WPD. (Doc. no. 8, pp. 1-2).

Plaintiff asserts that on September 18, 2008, Defendant Boseman arrested him for possession of a firearm by a convicted felon. (Id. at 5). Plaintiff alleges that Defendant Boseman only secured an arrest warrant after his arrest. (Id.). Plaintiff argues that he was never in possession of a firearm. (Id.). He further maintains that Defendant Boseman prepared a "fictitious affidavit" to obtain the arrest warrant. (Id.). Plaintiff claims that although he was never indicted, and the charges were dropped, he was improperly held in custody from September 2008 until December 2008. (Id.). As a result of this arrest, Plaintiff states that he lost his family and his job. (Id.). He further states that he has been unable to find employment as a result of the arrest. (Id.).

Next, Plaintiff alleges that he has previously been harassed by Defendant Boseman. (Id.). Plaintiff notes that Defendant Boseman, in May 2008, purportedly questioned Plaintiff concerning an investigation of a murder. (Id. at 5-6). Additionally, Plaintiff claims that

Defendant Boseman threatened that he would "get Plaintiff." (Id. at 6). Plaintiff maintains that Defendant Boseman's employer, Defendant WPD is responsible for his actions. (Id.). Plaintiff requests monetary damages and seeks an injunction against "any case which the [WPD] has or may bring against [Plaintiff] that involve [Defendant Boseman]." (Id.).

## II.    DISCUSSION

### A.    Defendant Wade

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against this Defendant. That is, while Plaintiff names Defendant Wade in the caption of the complaint, he does not assert any allegations of wrong doing regarding this Defendant in his statement of claims. In fact, Plaintiff does not mention Defendant Wade anywhere in his statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp.

3

v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant Wade with an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis, Defendant Wade should be dismissed.

## B.     Defendant WPD

To the extent that Plaintiff blames Defendant WPD for the acts of Defendant Boseman, his claims fail. First, Plaintiff does not explain how Defendant WPD – as an entity – is capable of being sued for any improper actions that are alleged to have occurred as the result of Defendant Boseman's actions.[2] Second, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658,

---

[2]According to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted). The Court is not aware of any applicable precedent for recognizing a jail as an entity capable of being sued. However, in a similar vein, the Court is aware that the Eleventh Circuit has ruled that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit. . . ." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); see also Bunyon v. Burke County, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit).

4

691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged that Defendant WPD actually participated in any of the events forming the basis of his amended complaint.

Similarly, Plaintiff fails to allege a "causal connection" between the Defendant WPD and the alleged constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

the necessary showing with respect to Defendant WPD. In sum, Plaintiff has failed to state

a claim upon which relief may be granted against Defendant WPD.

### C.    Injunctive Relief

Finally, as relief, Plaintiff requests an injunction against "any case which the [WPD]

has or may bring against [Plaintiff] that involve [Defendant Boseman]" because he believes

Defendant Boseman is harassing him. (Doc. no. 8, p. 6). A party moving for injunctive relief

must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a

substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the

threatened injury to him outweighs the threatened harm an injunction may cause the opponent;

and (4) granting the preliminary injunction will not disserve the public interest. McDonald's

Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc.

v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary

injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly

establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc.,

887 F.2d at 1537.

Plaintiff has not met his burden of persuasion on all four requisites for obtaining

injunctive relief. In particular, Plaintiff has not shown that there is a substantial threat that he

will suffer an irreparable injury. In order to establish the irreparable injury requirement,

Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and

imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of

Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty

Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville,

30 F.3d 1332, 1337 (11th Cir. 1994) (in order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability; "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

In the instant case, Plaintiff requests an injunction that prevents bringing any case Defendant WPD has, or may bring, against Plaintiff that involves Defendant Boseman because Plaintiff believes that Defendant Boseman is "fabricating" evidence and is harassing Plaintiff. Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific–an injunction which merely orders the defendant to obey the law is too broad and too vague to be enforceable. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Since Defendant is already prohibited from fabricating documents and harassing Plaintiff, the Court may not issue an injunction simply instructing him to obey the law. Accordingly, Plaintiff has failed to demonstrate that if the motion is not granted, there is a real risk of imminent, irreparable injury.

In sum, Plaintiff has failed to demonstrate a substantial threat of irreparable injury if his motion is not granted. Therefore, he has failed to meet his burden of persuasion on all four requisite elements for injunctive relief.

## III.    CONCLUSION

For the reasons set for above, the Court **REPORTS** and **RECOMMENDS** that Defendants Wade and WPD, as well as Plaintiff's claim for injunctive relief, be **DISMISSED.**[4]

SO REPORTED and RECOMMENDED this *15th* day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]In a simultaneously filed Order, the Court has allowed Plaintiff's Fourth Amendment claim against Defendant Boseman to proceed.