IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL MCKINNIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 109-070 |
| ) | |
| GENE BOSEMAN, Chief Investigator, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At the time Plaintiff commenced the above-captioned case, he was an inmate incarcerated at the Burke County Jail in Waynesboro, Georgia. The case, which was brought pursuant to 42 U.S.C. § 1983, is now before the Court on Defendant's motion for summary judgment.[1] (Doc. no. 20.) Plaintiff has filed a response in opposition to Defendant's motion. (Doc. no. 22.) For the reasons set forth below, the Court **REPORTS AND RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**, that a final judgment be **ENTERED** in favor of Defendant, and that this civil action be **CLOSED**.

---

[1] As an initial matter, the Court notes that although Plaintiff filed a "Statement of Relevant Facts" as part of the brief in support of his motion, he has not filed a separate statement of material facts as contemplated by the Local Rules. See Loc. R. 56.1 (instructing parties moving for summary judgment to attach a separate statement of material facts and explaining that "all material facts set forth in the statement . . . will be deemed admitted unless controverted by a statement served by the opposing party"). Although Defendant failed to file a separate statement of material facts, the affidavits and other evidentiary materials submitted by the parties provide a sufficiently developed record for the adjudication of Defendant's summary judgment motion.

I.  **FACTS**

On September 18, 2008, Plaintiff was arrested for being a felon in possession of a firearm by Defendant, a police officer in the Waynesboro, Georgia Police Department who was on duty at the time he made the arrest. (Doc. no. 8, p. 5; doc. no. 20, Ex. C., Boseman Aff. (hereinafter "Boseman Aff.") ¶ 2.) In his amended complaint, Plaintiff alleged that Defendant arrested him without an arrest warrant. (Doc. no. 8, p. 5.) Plaintiff further alleged that he was never in possession of a firearm and that Defendant only obtained an arrest warrant subsequent to his arrest by preparing a "fictitious affidavit." (Id.) In addition, Plaintiff averred in his amended complaint that the charge against him was eventually dropped on December 22, 2008, but that by then he had been wrongfully imprisoned for several months. (Id.) The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A and allowed Plaintiff to proceed against Defendant based on the claim that Defendant allegedly arrested Plaintiff in violation of his Fourth Amendment rights.[2] (Doc. no. 9, p. 3.)

Defendant denies these allegations and attests that, at the time of the arrest, he had personal knowledge that Plaintiff had previously been convicted of felonies. (Boseman Aff. ¶ 3.) Defendant states that he made the decision to arrest Plaintiff based on this knowledge of Plaintiff's previous felony convictions, as well as witness statements obtained through his investigation of a shooting incident that took place on September 13, 2008. (Id.) Defendant

---

[2]The Court recommended that two other Defendants named in Plaintiff's amended complaint, as well as Plaintiff's claim for injunctive relief, be dismissed. (Doc. no. 10.) The Honorable J. Randal Hall, United States District Judge, adopted the Court's recommendation over Plaintiff's objections. (Doc. no. 13.)

2

has submitted affidavits of two of these witnesses, Roshon Evans and Sonya Osborne. (Doc. no. 20, Exs. A (hereinafter "Evans Aff.") & B (hereinafter "Osborne Aff.").) Mr. Evans states that on September 13, 2008, while at his apartment, he saw Plaintiff using a firearm "to beat on another tenant's door," and that he reported what he saw to the police. (Evans Aff. ¶¶ 4, 5.) Ms. Osborne states that she saw Plaintiff holding a gun on the same night at the same apartment building, and that she also reported the matter to the police. (Osborne Aff. ¶¶ 3, 4.)

In his response to Defendant's motion for summary judgment, Plaintiff emphasizes that Defendant neither saw Plaintiff with a firearm nor recovered the firearm in question. (Doc. no. 22, p. 3 & Ex. A.) Plaintiff also points to the fact that the witness statements refer to Plaintiff being seen with a gun at a particular apartment building, and argues that Defendant improperly obtained a warrant for Plaintiff's arrest by stating that Plaintiff had possessed a gun and exchanged fire with another person at a different location. (Id. at 2 & Exs. B-D.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applicable substantive law identifies which facts are material in a given case.[3]

---

[3]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Id. at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Defendant's Motion for Summary Judgment

As noted above, at issue in this case is Plaintiff's Fourth Amendment claim based on his allegedly improper arrest by Defendant. Defendant contends that summary judgment should be granted in his favor based on qualified immunity, which he argues protects him in this case because he had arguable probable cause for Plaintiff's arrest. (See generally doc. no. 20.) Plaintiff argues that summary judgment against him is inappropriate because Defendant never saw Plaintiff in possession of a firearm and because Defendant arrested Plaintiff prior to obtaining an arrest warrant, without probable cause. (See generally doc. no. 22.) Plaintiff also argues that Defendant improperly obtained a warrant after Plaintiff's arrest by submitting an affidavit accusing Plaintiff of using a firearm in a shooting incident based on statements from witnesses who saw Plaintiff carrying a firearm in a different location than where the shooting incident took place. (Id.)

To prevail on a § 1983 claim, such the one at issue here, "a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005.) Police officers – who typically qualify as persons acting under the color of state law while on duty – violate the Fourth Amendment's prohibition on unreasonable seizures when they make a warrantless arrest without probable cause. Grider v. City of Auburn, 618 F.3d

1240, 1256 (11th Cir. 2010); Case v. Eslinger, 555 F.3d 1317, 1326 ("The 'reasonableness' of a seizure or arrest under the Fourth Amendment turns on the presence of probable cause.") "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Case, 555 F.3d at 1327 (quoting United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992)).

"Related to probable cause in [the context of a § 1983 Fourth Amendment claim] is the issue of qualified immunity." Rushing v. Parker, 599 F.3d 1263, 1265 (11th Cir. 2010). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Townsend v. Jefferson County, 601 F.3d 1152, 1157 (11th Cir. 2010). "To invoke qualified immunity, the official first must establish that he was acting within the scope of his discretionary authority when the alleged violation occurred." Townsend, 601 F.3d at 1158 (quoting Case, 555 F.3d at 1325). For an official's acts to be within his discretionary authority, they must be "(1) undertaken pursuant to the performance of her duties and (2) within the scope of her authority." Jones v. City of Atlanta, 192 F. App'x 894, 897 (11th Cir. 2006) (punctuation omitted) (quoting Lenz v. Winburn, 51 F.3d 1540, 1545 (11th Cir. 1995)).

If the defendant shows that he was acting within his discretionary authority, then "the plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right

was clearly established at the time of the alleged violation." Townsend, 601 F.3d at 1158 (punctuation omitted) (quoting Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004)). Furthermore, "[a] right is clearly established if, in light of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional rule applies with obvious clarity to give an official fair warning that violating that right is actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations omitted). "If reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decision of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 826 n.4 (11th Cir. 1997).

Even if an officer lacked actual probable cause for an arrest, he is nevertheless entitled to qualified immunity if he had <u>arguable</u> probable cause to make the arrest. Rushing, 599 F.3d at 1266 ("In determining whether qualified immunity exists, the issue is not probable cause in fact but arguable probable cause."). Arguable probable cause is determined based on an objective standard, and "exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002) (quoting Scarborough v. Myles, 245 F.3d 1299, 1302 (11th Cir. 2001)).

Here, Defendant's motion for summary judgment should be granted because he is entitled to qualified immunity. First, Defendant has satisfied the threshold requirement of

showing that he was acting within the scope of his discretionary authority. Defendant states in his affidavit that "[w]hen he [arrested Plaintiff], [he] was on duty as a police officer...." (Boseman Aff. ¶ 2.) Because the act of arresting Plaintiff was undertaken pursuant to Defendant's duties as a police officer and was within the scope of Defendant's authority, he has shown that he was acting within the scope of his discretionary authority. Lenz, 51 F.3d at 1545; see also Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (holding that law enforcement officer was clearly acting within discretionary authority when he arrested the plaintiff and transported her to jail).

Second, Defendant has shown that arguable probable cause existed to arrest Plaintiff for being a felon in possession of a firearm, which is all that is required for him to be entitled to qualified immunity. See Lee, 284 F.3d at 1195 (noting that "*arguable* probable cause . . . is 'all that is required for qualified immunity to be applicable to an arresting officer'" (quoting Scarbrough, 245 F.3d at 1302)). That is, Defendant has shown that he had personal knowledge of Plaintiff's prior felony convictions and has provided two statements by witnesses who saw Plaintiff with a firearm roughly five days before the arrest. (Boseman Aff. ¶ 3; Evans Aff. ¶¶ 1-4; Osborne Aff. ¶¶ 1-4.) The Court finds that, viewing the evidence in the light most favorable to Plaintiff, a reasonable officer in the same position as Defendant and possessing the same knowledge could have believed that probable cause existed to arrest Plaintiff for being a felon in possession of a firearm. See O.C.G.A. § 16-11-131(b) ("Any person . . . who has been convicted of a felony . . . and who receives, possesses, or transports any firearm commits a felony . . . ."). Therefore, Defendant has shown that he had arguable probable cause for Plaintiff's arrest, which means that he is entitled to qualified immunity.

8

See Rushing, 599 F.3d at 1266 ("A defendant need only demonstrate that arguable probable cause existed in order to be protected by qualified immunity.")

Plaintiff has not produced any evidence that calls into question the fact that Defendant had knowledge of Plaintiff's prior felony convictions or the fact that two witnesses reported having seen Plaintiff with a firearm on the night in question.[4] Furthermore, Plaintiff's arguments regarding the insufficiency of the witness statements and the discrepancies in the information used to obtain an arrest warrant are not persuasive. Contrary to Plaintiff's contentions, a police officer does not have to personally witness a person carrying a gun to have probable cause to arrest that person for a crime based on possession of a firearm; witness statements may suffice to establish probable cause. See Illinois v. Gates, 462 U.S. 213, 245 n.13 (1983) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."); Case, 555 F.3d at 1327 ("Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." (quoting Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996))). Moreover, the arguments about the arrest warrant are irrelevant, as Defendant has shown that he had arguable probable cause to arrest Plaintiff without an arrest warrant; in fact, Plaintiff maintains that Defendant did arrest him

---

[4]Plaintiff has attached the written statements provided by Mr. Evans and Ms. Osborne – the witnesses whose statements Defendant relied upon in deciding to arrest Plaintiff – as attachments to Plaintiff's response to Defendant's motion to dismiss. (Doc. no. 22, Exs. B, C.) However, far from contradicting the evidence produced by Defendant, these witness statements are entirely consistent with Defendant's contention that Mr. Evans and Ms. Osborne saw Plaintiff carrying a gun and reported that information to the police. (Compare id., with Doc. no. 20, p. 1, Evans Aff. ¶¶ 3-4, and Osborne Aff. ¶¶ 3-4.)

9

without a warrant, and only obtained the warrant after the arrest.[5] (See doc. no. 8, p. 5.)

In sum, because Defendant is entitled to qualified immunity on Plaintiff's claims, summary judgment should be awarded in Defendant's favor.[6]

### III. CONCLUSION

In sum, the Court **REPORTS AND RECOMMENDS** that Defendant's motion for summary judgment (doc. no. 20) be **GRANTED**, that a final judgment be **ENTERED** in

---

[5] Even if Plaintiff's arguments about the arrest warrant were relevant to the instant motion, Plaintiff's assertion that Defendant obtained the warrant based on false information is without merit. On his application for the arrest warrant, Defendant listed the location of the shooting incident as the location of the offense, presumably because he suspected Plaintiff of being involved in that incident. (Doc. no. 22, Ex. D.) The essence of Plaintiff's argument is that Defendant relied upon statements by witnesses who saw him with a gun at a particular apartment building, but listed the location of his offense as the location of the shooting incident rather than the apartment building. (Id. at 2.) Plaintiff's contentions lack merit because such minor discrepancies are nowhere near sufficient to establish the type of "deception" capable of giving rise to § 1983 claim based on a police officer providing false information in an application for an arrest warrant. Cf. Williams v. Miami-Dade Police Dep't, 297 F. App'x 941, 944 (11th Cir. 2008) (per curiam) (finding plaintiff stated § 1983 claim where police officer allegedly lied in affidavit used to obtain arrest warrant by falsely stating that he saw plaintiff buying drugs).

[6] In addition to his argument for summary judgment on Plaintiff's § 1983 claims, Defendant also asserts that "[t]o the extent Plaintiff's complaint alleges any state law claims against Defendant, Defendant is entitled to qualified immunity." (Doc. no. 20, p. 8.) However, a review of Plaintiff's filings reveals that he has not asserted any state law claims against Defendant. First, when the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it made clear that Plaintiff was only permitted to proceed in this case with his Fourth Amendment claim. (See Doc. no. 9, p. 3.) Furthermore, although Plaintiff makes reference to a claim of "false arrest" in his complaint, this phrase is routinely used to refer to a § 1983 action premised on a Fourth Amendment violation. See, e.g., Case, 555 F.3d at 1326-27 (referring to a "section 1983 action for false arrest"). Moreover, while Plaintiff uses the term "false imprisonment" in his complaint, he specifically notes that his state law false imprisonment claims under O.C.G.A. §§ 16-5-41 & 16-5-42 "are state laws that will be [pursued] later." (Doc. no. 22, p. 6.) Accordingly, the Court finds that Plaintiff has not brought any state law claims in this case and finds it inappropriate to reach the merits of such claims or to decide Defendant's claim of qualified immunity as to such claims.

favor of Defendant, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE