IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL MCKINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-070 |
| | ) | |
| GENE BOSEMAN, Chief Investigator, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 28). The Magistrate Judge recommended that Defendant's motion for summary judgment be granted on Plaintiff's Fourth Amendment claim because Defendant had arguable probable cause to arrest Plaintiff for being a felon in possession of a firearm and was therefore entitled to qualified immunity. (Doc. no. 25.)

As an initial matter, the Court notes that the deadline for Plaintiff to file his objections to the R&R was February 7, 2011. (See doc. no. 26; Fed. R. Civ. P. 72(a) & (b)(2); Loc. R. 72.2 & 72.3.) Plaintiff mailed his objections to the Court on February 8, 2011, but accompanied his objections with a request for an extension of time in which to object to the R&R. (Doc. no. 27.) In addition, as part of his objections, Plaintiff requests "that the Court grant an extension before dismissing his case [so that he can] ask the Court for appointment of counsel again." (Doc. no. 28, p. 3.) In light of these circumstances, the

nature of Plaintiff's request for an extension is not entirely clear. To the extent that Plaintiff asks the Court to accept his untimely filed objections and take them into consideration, his motion for an extension is **GRANTED**. (Doc. no. 27.)

However, the Court will not extend the objection deadline for Plaintiff to re-assert his request to have counsel appointed for him. As the Magistrate Judge explained in his denial of Plaintiff's first request for the appointment of counsel, there is no right to appointed counsel in civil rights cases such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Moreover, this case does not present the type of exceptional circumstances (*e.g.*, a meritable claim of such complexity that counsel would materially assist in its presentation) needed to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). As the appointment of counsel is not warranted, the Court will not grant a further extension of time in which to object, and will instead proceed to consider Plaintiff's objections to the R&R.

In his objections, Plaintiff states that Defendant may have had arguable probable cause for a "stop and frisk," but not for an actual arrest. (Doc. no. 28, p. 2.) Additionally, Plaintiff contends that Defendant did not have arguable probable cause to arrest Plaintiff for being a felon in possession of a firearm because Defendant had not personally arrested Plaintiff for a prior felony, and therefore did not have personal knowledge that Plaintiff was a convicted felon. (Id.)

These objections to the R&R are without merit. As the Magistrate Judge correctly explained, "A defendant need only demonstrate that arguable probable cause existed in order to be protected by qualified immunity." Rushing v. Parker, 599 F.3d 1263, 1265 (11th Cir.

2

2010). Here, Defendant has shown arguable probable cause for Plaintiff's arrest, as he has attested to personal knowledge of Plaintiff's prior felony convictions and presented written statements by witnesses who saw Plaintiff with a firearm roughly five days before the arrest. (See doc. no. 20, Exs. A – C.) Furthermore, an officer does not need to have personally arrested an individual in the past to possess knowledge that they are a felon; knowledge of past convictions based on any reasonably trustworthy information may suffice. See Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) ("Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." (quoting Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996))). The Court therefore finds that these objections do not warrant departure from the conclusions in the R&R. The other objections asserted by Plaintiff are likewise without merit.

For the reasons set forth above, Defendants' objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion for summary judgment is **GRANTED** (doc. no. 20), a final judgment shall be **ENTERED** in favor of Defendant, and this civil action is **CLOSED**.

SO ORDERED this 23rd day of February, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA